UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| LEAH BURNETT, on her own behalf and on behalf of a CLASS OF SIMILARLY SITUATED EMPLOYEES OF DEFENDANT,<br><br>Plaintiffs,<br><br>v.<br><br>WEST CORPORATION, a Delaware corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>No.<br><br>COMPLAINT<br><br>**JURY DEMANDED** |

Plaintiff Leah Burnett, on her own behalf and on behalf, as representative, of a CLASS OF SIMILARLY SITUATED EMPLOYEES of Defendant WEST CORPORATION, alleges the following for those who have not previously filed suit in state or federal court, or opted in to any other federal class action, for violation of Washington's Minimum Wage Act, RCW 49.46, and Washington's Rebate Act, RCW 49.52.

COMPLAINT - 1

**LAW OFFICES OF PETER G. COGAN, P.S.**
119 First Ave. S., Suite 500
Seattle WA 98104
(206) 382-9896 • FAX (206) 682-3002

## I. INTRODUCTION

1. Plaintiff Burnett, a former employee of Defendant, brings this complaint on her own behalf and on behalf of all those similarly situated, challenging Defendant's practice of failing to pay employees their hourly wages for all of their hours of work in violation of Washington's Minimum Wage Act, RCW 49.46 and Washington's Rebate Act, RCW 49.52.

2. Upon information and belief, Defendant has employed thousands of employees in its three Washington locations in the three years preceding the filing of this Complaint.

3. Accordingly, Plaintiff seeks relief on a class-wide basis, including unpaid wages, return of wages unlawfully rebated, liquidated damages, attorneys' fees and costs. Plaintiff and the Class also seek to enjoin Defendant from continuing violations.

## II. JURISDICTION AND VENUE

4. This court has original jurisdiction over this action under the Class Action Fairness Act and 28 U.S.C. §1332 because the damages in this matter exceed $5 million, exclusive of interest and costs, and Plaintiff and Defendant are citizens of different states. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1367.

5. Venue for this action properly lies in the Eastern District of Washington, pursuant to 28 U.S.C. § 1391(b), because Defendant resides in this judicial district.

## III. PARTIES

6. Plaintiff Leah Burnett ("Burnett") resides in Spokane, Washington, and worked for Defendant West Corporation at its Spokane, Washington location in Spokane County, Washington.

7. Defendant West Corporation is a Delaware corporation with its principal executive offices at 11808 Miracle Hills Drive, Omaha, Nebraska 68154, and does business in Washington State, including locations in Spokane County, Washington, in this court's jurisdiction.

## IV. FACTUAL BACKGROUND

8. West Corporation is a provider of telephone customer services to its clients. West Corporation operates call centers in Washington State, nationwide, and internationally. West Corporation operates call centers at three locations in Washington State: Pasco, Spokane, and Spokane Valley. Upon information and belief, West Corporation employs approximately 800 employees at each of its locations at any given time.

9. Upon information and belief, the wage violations alleged herein are company-wide policies and occurred at each and every location operated by Defendant West Corporation.

10. Burnett worked for West Corporation from October, 2008, through December 2009. Burnett was employed as a telephone customer support representative. Burnett was employed at West Corporation's Spokane, Washington location.

11. Throughout Burnett's employment with West Corporation, she was denied payment for all of her hours worked.

12. West Corporation informed its telephone customer support representative new hires during the training Burnett attended, including approximately thirty-five (35) new hires, that they were required to log in on their computer workstations to various computer programs and systems before logging in to West Corporation's employee timekeeping system and accepting calls. West Corporation's managers also reminded employees of this requirement during their employment. Throughout Burnett's employment with West Corporation, she and similarly situated employees of West Corporation were required perform the task of logging in to various computer programs at their computer workstation before clocking into West Corporation's employee timekeeping system and accepting calls. As a result of this policy, Burnett and similarly situated employees were denied payment for approximately fifteen (15) minutes for every shift of work. West Corporation denied Burnett and other similarly situated employees payment for all of their hours worked. Defendant's failure to pay Burnett and similarly situated employees for all hours they worked was willful.

13. West Corporation follows uniform practices with respect to the policies at issue here at each of its locations.

## V. CLASS ACTION ALLEGATIONS

14. Pursuant to FRCP 23, Plaintiff brings this class action on her own behalf and on behalf of all other employees similarly situated ("Class Members" or "Class") pursuant RCW 49.46 and RCW 49.52.

15. The Class in this case is defined as:

> All telephone customer support representatives who worked in any of West Corporation's Washington locations at any time within the three (3) years preceding the filing of this lawsuit.

16.   Plaintiff believes that the definition of the class may need to be further refined following discovery of Defendant's books and records.

17.   **Numerosity**.  The class is so numerous and geographically dispersed that joinder of all members is impracticable.  Upon information and belief, Defendant West Corporation employed thousands of employees at its three Washington locations during the limitation period.  Plaintiff is unable to determine the precise number of members in the putative class without review of Defendant's records, but believes that the class may exceed 2500 individuals.

18.   **Common Questions of Law and Fact**.  The questions of law are the same for all of the class members, namely, whether employees worked off the clock without compensation, and whether the employees were subject to other wage and hour violations.

19.   **Representatives' Claims are Typical of Class**.  Plaintiff's claims are typical of the class, namely, that she worked for West Corporation, and that she was subjected to various wage and hour violations due to the policies and procedures of West Corporation.

20.   **Representative Parties Will Fairly and Adequately Protect Class**.  Plaintiff Burnett will adequately represent and protect the interests of the class because she has retained competent and experienced class counsel and none of her interests in the litigation are antagonistic to the other members of the class.

21. **A Class Action is Maintainable**.  The prosecution of separate actions by individual members of the class against West Corporation on the class-based wage and hour claims would create the risk of inconsistent or varying adjudications and incompatible standards of treatment for wage and hour purposes of the employees under Washington's laws.  The defendant has acted and continues to act in a manner that is generally applicable to all members of the class making final injunctive relief appropriate prohibiting continued wage and hour violations.  The questions of law and fact common to all members of the class predominate over questions affecting only individual members of the class because the members of the class were subjected to the same practices of Defendant, and a class action is the superior method to adjudicate this controversy.  Upon information and belief, there are no other pending class actions concerning these issues.

## VI. CAUSES OF ACTION

22. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

**A.    Violations of Washington's Minimum Wage Act, RCW 49.46.**

23. Defendants' failure to pay plaintiff and similarly situated employees for all hours actually worked  is a violation of Washington's Minimum Wage Act, RCW 49.46.

24. Plaintiff and the Class Members have been damaged by Defendants' violations of Washington's Minimum Wage Act in an amount to be determined at trial.

**B.    Violations of Washington's Rebate Act, RCW 49.52.**

26. Defendant's practice of not paying plaintiff and similarly situated employees for all hours actually worked is a violation of Washington's Rebate Act, RCW 49.52.

27. Plaintiff and the Class Members have been damaged by Defendants' violations of Washington's Rebate Act in an amount to be determined at trial.

## VII.  JURY TRIAL DEMANDED

28. Plaintiff hereby demands a trial by jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE Plaintiff Burnett and the Class of similarly situated employees of Defendant request the following relief:

A. An order certifying the class of all persons employed with Defendant West Corporation in Washington State as Telephone Support Representatives from the date three years preceding the filing of this Complaint through the time of trial;

B. An order appointing Plaintiff Leah Burnett as the representative of the Class;

C. An order appointing, Peter G. Cogan, of Law Offices of Peter G. Cogan, P.S. and Stephen P. Connor and Anne-Marie E. Sargent of Connor & Sargent PLLC , as the counsel for the Class;

D. Judgment against Defendant West Corporation for wages due to Burnett and the Class of all similarly situated employees in an amount to be determined at trial;

1  E. Judgment against West Corporation for exemplary damages for unlawfully and willfully withholding wages, in an amount equivalent to the back wages awarded, pursuant to RCW 49.52.070.

F. An order permanently enjoining Defendant from continuing its practice of wage and hour violations;

G. An award of reasonable attorneys' fees and costs pursuant to RCW 49.46.090, RCW 49.48.030 and RCW 49.52.070.

H. Prejudgment interest on all back wages and damages awarded to Plaintiff and the Class;

I. Damages in the amount of any adverse tax consequences of any award; and

J. Allow the plaintiff to amend her pleadings to conform to the proof at trial.

K.. For such other relief in law or equity, which the Court finds appropriate, just or equitable.

DATED this 1st day of March, 2010.

LAW OFFICES OF PETER G. COGAN, P.S.

By s/Peter G. Cogan
Peter G. Cogan, WSBA # 14010
119 First Ave. S., Suite 500
Seattle, WA 98104
Ph: (206) 382-9896
Fax: (206) 682-3002
Email: coganlaw@yahoo.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

COMPLAINT - 9

**LAW OFFICES OF PETER G. COGAN, P.S.**
119 First Ave. S., Suite 500
Seattle WA 98104
(206) 382-9896 • FAX (206) 682-3002