The Honorable Justin L. Quackenbush

Stephen P. Connor, WSBA No. 14305
Anne-Marie E. Sargent, WSBA No. 27160
CONNOR & SARGENT PLLC
1200 Fifth Avenue, Suite 1650
Seattle, WA  98101
(206) 654-5050
steve@cslawfirm.net
aes@cslawfirm.net

Attorneys for Plaintiff Burnett and the Class

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| LEAH BURNETT, on her own behalf and on behalf of a CLASS OF SIMILARLY SITUATED EMPLOYEES OF DEFENDANT,<br><br>Plaintiffs,<br><br>v.<br><br>WEST CUSTOMER MANAGEMENT GROUP, LLC, a Delaware limited liability company,<br><br>Defendant. | **CLASS ACTION**<br><br>No. CV-10-056-JLQ<br><br>**THIRD DECLARATION OF STEPHEN P. CONNOR IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**DATE: FEBRUARY 18, 2011**<br>**TIME: 10:30 A.M.**<br>**WITH ORAL ARGUMENT** |

STEPHEN P. CONNOR certifies and states as follows:

1. I am one of the Class Counsel in this case. I have personal knowledge of the facts herein and am competent to testify.

2. We appreciate the Court's having identified for us concerns it has regarding the request for final approval. This declaration and the accompanying

DECLARATION OF CONNOR RE: PLAINTIFF'S
MOTION FOR FINAL APPROVAL - 1

CONNOR & SARGENT PLLC
1200 Fifth Avenue, Suite 1650
Seattle WA 98101
(206) 654-5050 • FAX (206) 654-0011

memorandum are submitted in order to address those concerns prior to the hearing on final approval. I will, of course, be happy to address these and any other concerns the Court may have at the hearing.

**Notice.**

3. We apologize that we did not attach a copy of the notice sent to class members in our pleadings seeking final approval. The notice sent was that which was previously approved by the Court (with changes as directed by the Court). A copy of the Notice provided to class members is attached to the Second Declaration of Stacy Roe.

**Mischaracterization of Court's Prior Rulings.**

4. I am particularly sorry about language contained in our pleadings that the Court apparently finds to be misrepresentative of its prior rulings in this matter. We understood that the Court had not made any final determination as to the propriety of the proposed settlement and used the term "preliminary approval" in the sense it is commonly used: to indicate that the Court had reviewed the settlement and authorized notice of the proposed settlement be sent to the class. We do understand that this Court has authority to determine the reasonableness of any fee request made, that any request for fees is subject to this Court's approval, and that this Court has not made any ruling with regard to such request. Our communications with class members did not suggest or imply that any aspect of the proposed settlement had been approved by the Court.

**Amount of Settlement Payment.**

5. The Court's expressed concern about not knowing the amount actually paid to class members arises because payment will not be made unless and until this Court grants final approval. Pursuant to the terms of the proposed settlement agreement, West is obligated to pay pursuant to a specific formula.

DECLARATION OF CONNOR RE: PLAINTIFF'S
MOTION FOR FINAL APPROVAL - 2

**CONNOR & SARGENT** PLLC
1200 Fifth Avenue, Suite 1650
Seattle WA 98101
(206) 654-5050 • FAX (206) 654-0011

1  Although the funds have not yet been paid to the Settlement Administrator
2  (because payment is contingent upon the granting of final approval), West has
3  advised that the amount will be slightly in excess of $320,000.

4      6.    It is important to note that, in contrast to the vast majority of class
5  action settlements which require class members to submit claim forms in order
6  to receive payment, we negotiated for the unconditional payment to all class
7  members without the need for them to submit claim forms. This was an
8  important concession that we obtained from West and highly beneficial to the
9  class. Thus, with the potential exception of class members who could not be
10 located, all class members will receive the payments provided for by the
11 settlement. (This is in stark contrast to the approximate ten to twenty percent
12 payment rate for class settlements where class members are required to submit
13 claim forms.)

14     7.    According to Ms. Roe, Rust successfully identified and delivered
15 notice to approximately ninety percent (1908 out of 2020) potential class
16 members. Rust took a number of steps to locate class members who have
17 moved over the years, including searching postal service records and using class
18 members' social security numbers to attempt to track down current address
19 information. Thus, approximately ninety percent of the settlement funds paid
20 by West will be distributed to class members. That percentage may be higher if
21 former employees learn that they are entitled to payment and communicate with
22 counsel or with Rust. Pursuant to the terms of the settlement, no class member
23 will receive less than $25.

24     **Time Spent Preparing Request for Fees.**

25     8.    The Court's order suggests that it believes counsel spent a
substantial amount of time preparing its request for fees. I do not think that the

DECLARATION OF CONNOR RE: PLAINTIFF'S     **CONNOR & SARGENT** PLLC
MOTION FOR FINAL APPROVAL - 3     1200 Fifth Avenue, Suite 1650
    Seattle WA 98101
    (206) 654-5050 • FAX (206) 654-0011

amount of time was substantial or inordinate.  Ms. Sargent spent approximately four hours researching case law concerning fee requests and communicating with Mr. Johnson regarding his declaration in support of our fee request.  The majority of my time on January 18 and 19, 2011 (a total of eight hours) was spent researching our fee request, and a brief amount of time was spent on those days communicating with Mr. Isserlis who provided me the declarations attached to my declaration.  I spent the rest of that time on January 18 and 19 preparing my declaration in support of our request.  I have spoken to Mr. Cogan who stated that none of the time for which he has requested compensation is related to our request for fees. (Ms. Sargent prepared Mr. Cogan's declaration and he did not charge any time for reviewing or signing it).

**Proportionality of Fee Request and Settlement Amount.**

9. The Court indicates that the requested fees constitute forty-four percent (44%) of the amount potentially payable to class members.  While as noted in our accompanying memorandum, we believe that the appropriate basis for computation of fees in this case would be based on the lodestar, in cases where fees have been awarded based on a percentage of the common fund, courts have included in the "common fund" payments made to class members, payments for attorneys' fees, and costs of administration.

10. If the Court were to grant the fees requested and assume that the full amount of the settlement is paid out to class members, then our fee would constitute 28% of the pseudo-common fund generated by the settlement. (I come to that number by dividing the $141,000 (the amount of the fees requested) by that amount plus the amount to be paid for the benefit of the class.  ($141,000 + $320,000 + $30,000 for administration as stated in the Second Roe Declaration)).

DECLARATION OF CONNOR RE: PLAINTIFF'S
MOTION FOR FINAL APPROVAL - 4

**CONNOR & SARGENT** PLLC
1200 Fifth Avenue, Suite 1650
Seattle WA 98101
(206) 654-5050 • FAX (206) 654-0011

11. I fully appreciate that the hours expended by us on this matter are substantial. While I will address this in more detail at the hearing if the Court so desires, I would like to make few observations about our hours and our rates.

12. This case settled relatively promptly. At the outset of this litigation it did not appear to me that it was likely to do so. The defendant is a large national company. It is represented by a large Texas law firm and had a national law firm as local counsel. Although we achieved a relatively early settlement, doing so was, in itself, time-consuming. We did not reach a settlement at the conclusion of a lengthy day of mediation and negotiations continued over a number of weeks concerning details we considered relevant to the well-being of the class. Reaching agreement involved numerous continuing discussions with the mediator and opposing counsel, and reviews of proposed settlement language.

13. Even after a settlement is reached with a defendant, class actions are time-consuming under the best of circumstances. The preparation and cross-review of documents to be submitted to the court is time consuming; there is a need to interact and coordinate with the designated administrator; and there is a need to communicate with substantial numbers of class members. All of these were necessary to effectuate this settlement and constitute a substantial portion of the time sought by us in this case. Our fee request does not include time we will likely spend following final approval interacting with class members concerning questions they have about their claims, checks and the like.

14. I recognize that courts have, at times, considered different hourly rates to be appropriate for time spent before and after a settlement is reached. The rationale for doing so is often that time spent after a settlement is not contingent and, hence, worthy of a lesser hourly rate. I would like to note my

DECLARATION OF CONNOR RE: PLAINTIFF'S
MOTION FOR FINAL APPROVAL - 5

CONNOR & SARGENT PLLC
1200 Fifth Avenue, Suite 1650
Seattle WA 98101
(206) 654-5050 • FAX (206) 654-0011

disagreement with that analysis. Plaintiff's counsel in class actions are not actually assured of payment until they receive a payment check in the mail. Not only does the defendant have to sign off on every detail of the settlement before it is presented to the court, but until the final hearing, there is no guarantee that the settlement will be approved. Moreover, final approval does not necessarily assure payment. Ms. Sargent and I presently appear unlikely to receive fees in a class action in which we achieved settlement after having won contested certification and summary judgment motions because the defendant is now asserting insolvency. At the time we litigated the case, we had no reason to believe that the defendant would not be able to pay a judgment to the class or fees.

**I declare under the penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.**

SIGNED this 10th day of February, 2011, at Seattle, Washington.

<u>s/Stephen P. Connor</u>
**Stephen P. Connor, WSBA No. 14305**

DECLARATION OF CONNOR RE: PLAINTIFF'S
MOTION FOR FINAL APPROVAL - 6

**CONNOR & SARGENT PLLC**
1200 Fifth Avenue, Suite 1650
Seattle WA 98101
(206) 654-5050 • FAX (206) 654-0011

# CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2011, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of filings to the following:

| | |
|---|---|
| Karen P. Kruse, WSBA #19857<br>Nick M. Beermann, WSBA #30860<br>One Union Square<br>600 University Street, Suite 2900<br>Seattle, Washington 98101<br>krusek@jacksonlewis.com<br>Beermann@jacksonlewis.com | Julie A. Springer *(pro hac vice)*<br>Christopher D. Sileo *(pro hac vice)*<br>600 Congress Avenue, Suite 1500<br>Austin, TX   78701-3234<br>jspringer@scottdoug.com<br>csileo@scottdoug.com |

DATED:  February 10, 2011.

<u>s/Anne-Marie E. Sargent</u>
Anne-Marie E. Sargent, WSBA No. 27160