UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

LEAH BURNETT, ON HER OWN
BEHALF AND ON BEHALF OF A CLASS
OF SIMILARLY SITUATED EMPLOYEES
OF DEFENDANT,

              Plaintiffs,

    v.

WEST CUSTOMER MANAGEMENT
GROUP, LLC, a Delaware Limited Liability
Company,

              Defendant.

NO. CV-10-0056-JLQ

**ORDER GRANTING PLAINTIFFS'
MOTION FOR CLASS
CERTIFICATION AND FINAL
APPROVAL OF THE CLASS
ACTION SETTLEMENT**

    **BEFORE THE COURT** is Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF. No. 65) which was heard at a Fairness Hearing on February 18, 2011 in Spokane, Washington.  Plaintiff appeared with her attorney Stephen Connor.  Counsel representing the Defendant were Julie Springer and Christopher Sileo. Also present at the hearing were nine apparent class Plaintiffs, all former employees of the Defendant, who appeared in support of the settlement.

    The court has considered the proposed settlement, the pending motion and its supporting documents, and the oral statements of the parties.  Based on the court's findings and conclusions below, the court certifies the settlement class and grants final approval of this settlement.

ORDER - 1

## I.    BACKGROUND

### 1. The Parties and Claims

Plaintiff asserts claims against West on behalf of herself and all similarly situated employees in West's AT&T Line Group at its Holley Mason Facility in Spokane, Washington.  Plaintiff generally alleges that West violated Washington's wage and hour laws by requiring employees working in the AT&T Line Group at West's Holley Mason Facility to engage in unpaid work by opening computer applications before logging in for timekeeping purposes.  West has denied all of Plaintiff's claims.

The plaintiffs are former and current West Customer Management Group, LLC ("West") employees working in West's AT&T line group at its Holley Mason facility in Spokane.  West's employees working in other groups at its Holley Mason facility, or at its other two Washington State locations, were excluded from the class definition and are not part of this settlement.  The Notice stated that employees working for West at locations or in groups other than the AT&T Line Group at West's Holley Mason Facility were excluded from the settlement.  The Named Plaintiff and the Class are represented by Stephen Connor and Anne-Marie Sargent of Connor & Sargent PLLC, and The Law Offices of Peter G. Cogan in Seattle, Washington ("Class Counsel").

Defendant West is a limited liability company organized under the laws of Delaware.  West is represented by Julie Springer and Chris Sileo of Scott, Douglass & McConnico LLP in Austin, Texas and Karen Kruse of Jackson Lewis LLP in Seattle, Washington.

### 2. The Proposed Settlement and Notice

The settlement proposed by the parties would result in Plaintiff and all Class Members being paid in accordance with the following formulas and criteria. The settlement payments will be as follows:

a.    Each Class Member will receive payment of wages at the Class Member's regular rate of pay based on adding five (5) minutes to the first time punch of each shift worked during the Calculation Period.  If the Class Member worked 38.5 or more hours

ORDER - 2

in any week, the Class Member will be paid an overtime rate.

       b.      These wages will be doubled.

       c.      Each Class Member will receive an additional payment of $25.00.

       d.      West will pay interest calculated at the rate of twelve percent (12%) simple interest for two (2) years calculated on the sum of the five-minute payment and the $25.00 payment.  The interest will be divided among Class Members on a pro rata basis.

In exchange for the benefits provided by the settlement, the Settlement Agreement includes a release that bars Class Members from asserting in any other lawsuit or proceeding any of the claims that have been or could have been asserted in this action.

In addition, the settlement provides for a $1500.00 additional payment to Plaintiff as the class representative and for payment of the Plaintiffs' attorney fees in amount to be approved by the court, but capped at $150,000.

**3. Notice**

On or about November 30, 2010, direct mail notice was disseminated to the proposed Class Members, pursuant to Paragraph 7 of the Court's Preliminary Approval Order.  This is a claims paid settlement, and Class Members were not required to submit claim forms in order to participate.  There were no objections to the settlement, and no requests for exclusion.

## II.   DISCUSSION

When the parties reach a settlement agreement prior to class certification, the Court is under an obligation to "peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir.2003). Thus, the Court must first assess whether a class exists, and second, determine whether the proposed settlement is "fundamentally fair, adequate, and reasonable." *Id*. (citations omitted). Here, the Court will first examine the propriety of class certification, followed by the fairness of the settlement agreement, and will then address the questions of class counsel and class notice.

**A.    CLASS CERTIFICATION**

The class negotiated for and described in the settlement must meet the prerequisites for class certification outlined in Fed. R. Civ. P. 23(a) and 23(b). *Amchem Prods., Inc. v. Windsor* , 521 U.S. 591, 621 (1997).  The Amchem court insisted that the requirements of Rule 23(a) and (b)-which are "designed to protect absentees by blocking unwarranted or overbroad class definitions- demand undiluted, even heightened, attention in the settlement context . Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity ... to adjust the class, .informed by the proceedings as they unfold." *Amchem* , 521 U.S. at 620.

**1.    The Elements of FRCP 23(a) Are Met.**

a.    Numerosity.

The record establishes that the settlement class includes 2,020 members.  A class of this size easily satisfies the numerosity requirement.

b.    Commonality.

To maintain a class action, there must be "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  As the Ninth Circuit stated in Hanlon:
Rule 23(a)(2) has been construed permissively.  All questions of fact and law need not be common to satisfy the rule.  The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts couple with disparate legal remedies within the class.   150 F.3d at 1019.

The evidence presented demonstrates that Plaintiff Burnett shares several questions of fact or law with the class, including whether West imposed a policy or practice of requiring employees on its AT&T line group at the Holley Mason Facility to open computer applications before they clocked in for timekeeping purposes; whether such alleged policy or practice resulted in unpaid hours worked; and whether such practices violated Washington's wage and hour laws.  Thus the allegations in Plaintiff's Second Amended Complaint satisfy the commonality requirement of Rule 23(a)(2).

c.    Typicality.

Rule 23(a) requires that the claims of the representative party be "typical" of those of the class.  "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."  *Hanlon*, 150 F.3d at 1020 (emphasis added).  Here, the named Plaintiff's claims are typical of those of the class because they derive from a similar factual predicate, and they are based upon the same legal theory.  Typicality is therefore satisfied.

d.    Adequacy of Representation.

The fourth and final prerequisite of Rule 23(a) is that "the representative parties…fairly and adequately protect the interests of the class."  The Ninth Circuit has confirmed that adequate representation depends on the resolution of two questions:  "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Hanlon*, 150 F.3d at 1020.

Here, there are no conflicts of interest or other antagonisms between Plaintiff, on the one hand, and Class Members, on the other.  Plaintiff and Plaintiff's counsel have provided fair and vigorous representation for the Class, and Plaintiff's counsel have substantial experience in employment and class action litigation generally and in wage and hour class action litigation in particular.  The adequacy requirement of FRCP 23(a)(4) is met.

**2.    The Requirements of Rule 23(b) Are Satisfied.**

Rule 23(b) provides in pertinent part:

(b)    Class Actions Maintainable.  An action may be maintained as

a class action if the prerequisites of subdivision (a) are satisfied and, in addition:

\*\*\*\*\*

(3)    the court finds that the questions of law or fact

common to the members of the class predominate

over any issues affecting only individual members,

and that a class action is superior to other available

methods for the fair and efficient adjudication of

the controversy.

These requirements are satisfied here. Defendant West does not dispute that these

elements are satisfied for settlement purposes.

    a.    Common Questions Of Law And Fact Predominate Over Questions

Affecting Only Individual Members Of The Class.

In *Amchem*, the Supreme Court noted that the Rule 23(b)(3) predominance inquiry

tests whether a proposed class is "sufficiently cohesive to warrant adjudication by

representation." 521 U.S. at 594. The predominance inquiry focuses on the relationship

between the common and individual issues. *Hanlon*, 150 F.3d at 1022. "When common

questions present a significant aspect of the case and they can be resolved for all

members of the class in a single adjudication, there is a clear justification for handling

the dispute on a representative rather than on an individual basis." 7A Charles Alan

Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure, §1777 (2d ed.

1986). Furthermore, variations in state law do not necessarily preclude use of the class

action mechanism. *Hanlon*, 150 F.3d at 1023 (citing *Phillips Petroleum Co. v. Shutts*,

472 U.S. 797, 821-23 (1985).

Based on the evidence presented for this settlement class, questions of law or fact

common to the members of the class predominate over questions affecting individual

members. All Class Members were allegedly subject to West's alleged policy or practice

requiring Class Members to open computer applications off-the-clock. Predominance is

satisfied in this case.

    b.    A Class Action Is The Superior Means To Adjudicate the Claims At Issue.

FRCP 23(b)(3) lists the factors pertinent to the superiority determination as

follows:

(A) the interest of the members of the class in individually controlling the

prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of the class action.

The court finds that the claims of the individual Class Members are too limited to justify multiple lawsuits, and that this class action settlement is the superior means to resolve this dispute.

Accordingly, since the settlement class satisfies both Rule 23(a) and 23(b)(3), the court grants class action certification.

**B.    NOTICE AND DISSEMINATION TO CLASS WAS ADEQUATE.**

Notice to the Class of the Settlement satisfied all applicable requirements, including due process.  The Notice provided: (a) the material terms of the proposed settlement; (b) disclosure of any special benefit to the class representatives; (c ) disclosure of the attorneys' fees provisions; (d) the time and place of the final approval hearing and the method for objecting to the settlement; (e) an explanation regarding the procedures for allocating and distributing the settlement funds; and (f) the contact information for class counsel and the procedures for making inquiries.  The Notice sent in this case also stated that certain West employees were excluded from the settlement. The Notice here met all of these requirements and, thus, was adequate.

The court reviewed the contents of the proposed Notice prior to its dissemination. The court ordered the parties to make certain revisions before its dissemination.  The parties complied and mailed the approved content of the Notice.  The court finds the Notice was the best notice practicable under the circumstances.  The Notice complied fully with FRCP 23(c)(2), and the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution.

**C.    THE SETTLEMENT SATISFIES FED.R.CIV.P. 23(e)**

Amchem also cautioned against conflating the class certification requirements

ORDER - 7

Fed.R.Civ.P. 23(a) and (b) into the "fair, adequate and reasonable" preconditions for class settlement pursuant to Fed.R.Civ.P. 23(e).

The court must also determine if the proposed settlement is "fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Cor p*., 150 F.3d 1011, 1026 (9th Cir. 1998). The fear of collusion between plaintiffs' attorneys and defendants requires district courts to apply a higher standard of fairness to settlements reached before formal class certification . *See Hanlon*, 150 F.3d at 1026. After review, the court accepts the settlement.

"It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998). A court may not delete, modify, or rewrite particular provisions of the settlement; rather, "[t]he settlement must stand or fall in its entirety." *Id*. The Ninth Circuit has articulated eight factors to evaluate a settlement's fairness, adequacy, and reasonableness:

(1) The strength of plaintiffs' case;

(2) The risk, expense, complexity, and likely duration of further litigation;

(3) The risk of maintaining class action status throughout the trial;

(4) The amount offered in settlement;

(5) The extent of discovery completed, and the stage of the proceedings;

(6) The experience and views of counsel;

(7) The presence of a governmental participant; and

(8) The reaction of the class members to the proposed settlement.

*Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003); *Hanlon*, 150 F.3d at 1026. A consideration of these factors weighs heavily in favor of approving this settlement.

In this case, the Settlement was reached after initial disclosures and discovery had been conducted, and information had been exchanged through mediation. Settlement negotiations occurred at arm's length with the assistance of a respected mediator, Clifford Freed of WAMS in Seattle. Both Class Counsel and Defendant's counsel are

experienced in class actions, including wage and hour class actions.  The Settlement provided for payment without the need for Class Members to submit claim forms, which will result in all Class Members being sent a payment.  There were no objections to the settlement and no requests for exclusion.

1.    The Strength of Plaintiff's Case.

Plaintiff's claims were predicated on the assertion that West required Class Members to open computer applications before logging in for timekeeping purposes.  Though Plaintiff believes that she could prove this policy or practice, West asserted various factual and legal defenses that could have precluded class treatment of the case or precluded prevailing on the merits, and in either case precluded any recovery.  Plaintiff's investigations confirmed some of these arguments.  These potential risks to liability and damages support final approval of this Settlement.

2.    The Risk, Expense, Complexity, and Likely Duration of Further Litigation.

As with any litigation, the parties would have incurred substantial expense and time in this litigation if settlement had not been reached.  Discovery would have involved hundreds of managers and hourly employees.  West would have vigorously defended its policies and procedures.  Motion practice would likely also have been extensive and protracted:  there were two motions pending at the time of settlement.  In light of the settlement achieved, the duration and expense of further litigation would likely not have achieved more for the class.  The court finds that settlement of this case is preferable to protracted litigation of these matters.

3.    The Amount Offered in Settlement.

In any continued litigation of this matter a pivotal issue would be the amount of time employees spent opening computer application for which they were not compensated.  The settlement achieved five minutes added to each employee's time for each punch shift, doubled, with two years' of pre-judgment interest on the non-doubled amounts due, and an additional $25 per Class Member.  Based on Plaintiff's counsel's investigation, Plaintiff's counsel believes that any resolution of the minute issue in

ORDER - 9

litigation would have resulted in similar numbers, making additional litigation risky given the settlement achieved.

4.    Stage of the Proceeding and Extent of Discovery Completed.

In this case, Plaintiff's counsel had conducted sufficient discovery, both formal and informal, to evaluate the risks of the litigation and the probable range of recovery. With sufficient information available to them, Plaintiff and Plaintiff's counsel settled this case well within the range of possible settlements.

5.    The Experience and Views of Counsel.

In this case, Class Counsel are experienced employment and class action attorneys. Class Counsel represent that the Settlement terms are fair, adequate, and reasonable and in the best interests of the Class as a whole, supported by the Declarations of Stephen P. Connor, Anne-Marie E. Sargent, and Peter Cogan.  Such recommendation weighs in favor of granting final approval.

6. The Reaction of the Class Members to the Proposed Settlement.

After adequate notice consistent with the court's directives, 2,020 notices were mailed to Class Members.  Undeliverable notices were traced, and notices were re-sent to addresses identified based on the tracing of Class Members' social security numbers.  As a claims-paid settlement, Class Members will be mailed payments without further action. No Class Members objected to the settlement, and no Class Members asked to be excluded from the settlement. The fact that the Settlement Agreement has overwhelming support from the Class weighs in favor of finding that the Settlement Agreement is fair, adequate, and reasonable.

D.    **ATTORNEYS' FEES AND CLASS REPRESENTATIVE INCENTIVE PAYMENTS**

Counsel seeks approval of payment of $142,699 from Defendant for fees and costs (excluding the cost of mediation, which, pursuant to the Settlement Agreement, West will pay separately).  Defendant West does not oppose this request.  The court has considered the application for attorneys' fees and costs filed by Plaintiff's counsel, including the declarations of Stephen P. Connor, Anne-Marie E. Sargent, and Peter G.

Cogan filed on September 27, 2010, and the second declarations of Connor and Cogan. Based on those declarations and the record in this case the court finds as follows:

1.     That the time expended by counsel-over 410 hours-in reaching this settlement is reasonable and necessary given the scope of the case, the nature of the claims, the extent of the discovery and investigation by counsel, the course of settlement negotiations and approval, and communications with Class Members;

2.     That the hourly rates sought by counsel, from $375 to $340 for counsel Stephen Connor, Peter Cogan, and Anne-Marie E. Sargent are appropriate given their level of experience and expertise in the area of employment law;

3.     That the fees sought, including the agreed upon cap, was negotiated subsequent to the conclusion of negotiations concerning the other substantive terms of the settlement agreement, was negotiated at the insistence of Defendant, and was not the product of collusion;

4.     That the fees and expenses incurred are justified by the outcome obtained;

5.     That the notice informed Class Members that Class Counsel reserved the right to seek fees and costs up to $150,000 without objection; and

6.      That the requested fees and expenses are an appropriate lodestar amount given the time expended and the reasonable hourly rates of counsel.

In view of these findings, Class Counsel are hereby awarded attorneys' fees and expenses in the amount of $142,699, to be paid by Defendant to Class Counsel as set forth in the Settlement Agreement.  Such fees are to be paid, subject to the conditions set forth in the Settlement Agreement, separate from the amounts to be paid to Class Members, and on the timetable set forth in the Settlement Agreement.

Further, the Court finds that the incentive award of $1,500 to Plaintiff Leah Burnett is reasonable and appropriate.  Defendant West does not oppose this payment. Ms. Burnett has been involved in this case since the beginning, and participated with her counsel in discovery, conferences, and settlement.  This incentive award is to be paid, subject to the conditions set forth in the Settlement Agreement and on the timetable set

forth in the Settlement Agreement.

## III.    CONCLUSION

**THE COURT FURTHER FINDS AND ORDERS AS FOLLOWS:**

Plaintiff's Motion for Final Approval of Class Action Settlement (**ECF. No. 65**) is **GRANTED**.

This matter satisfies the prerequisites for certification of a settlement class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the following Settlement Class is certified:  "All customer service representatives working on AT&T line groups at West's Holley Mason facility, in Spokane, Washington, during the Calculation Period [March 4, 2007 through March 4, 2010]."

The Settlement Agreement submitted by Plaintiff is finally approved as fair, reasonable and adequate and in the best interests of the Class, and the parties are directed to consummate and to implement the Settlement Agreement in accordance with its terms.

Notice to the Settlement Class has been provided in accordance and compliance with this Court's prior Orders and in compliance with the Settlement Agreement.  Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies the requirements of due process.  Full opportunity has been afforded to members of the Class to participate in this Fairness Hearing.  Accordingly, the Court determines that all members of the Class are bound by this Order.

Class Counsel has applied for an award of attorneys' fees and expenses to be paid pursuant to the terms of the Settlement. This Court awards Class Counsel attorneys' fees and expenses of $142,699.  Said fees and expenses are determined by the Court to be fair, reasonable and appropriate.

Plaintiff has applied for a service payment of $1,500.00 to be paid to the representative Plaintiff.  Recognizing the representative Plaintiff's efforts on behalf of the Class, this Court finds the award provided for in the Settlement Agreement to be fair,

reasonable and appropriate, and approves the service payment as set out in the Settlement.

The court also approves the appointment of Rust Consulting, Inc. as Settlement Administrator, which shall perform the duties set forth in the Settlement Agreement pursuant to the continuing jurisdiction of the Court. The Court orders that the Settlement Fund Account will be created, established and maintained as a Qualified Settlement Fund pursuant to 26 U.S.C. § 468B and its regulations by the Settlement Administrator subject to the continuing jurisdiction of the Court.

The court directs the Clerk of the Court to enter **JUDGMENT** of dismissal of all claims in the Second Amended Complaint with prejudice and without further costs. Without affecting the finality of this Order, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation and enforcement of the Settlement Agreement, and over the Settlement Administrator and the Qualified Settlement Fund.

**IT IS SO ORDERED.** The Clerk of the Court shall enter this Order, enter Judgment as directed above, provide copies to counsel and CLOSE THE FILE.

**DATED** this 20th day of February, 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 13